UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMZAN ALI CHAUDHRY,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br>Respondents. | No. 2:19-cv-0327 JAM GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, an alien detainee proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his final removal to Pakistan. Petitioner has paid the filing fee. For the reasons explained below, this court lacks jurisdiction to review the petition.

The REAL ID Act of 2005, codified at 8 U.S.C. § 1252, eliminated federal district court's jurisdiction to review final orders of deportation, exclusion, or removal and conferred exclusive jurisdiction over these matters to circuit courts to accomplish "streamlined judicial review." Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006). In pertinent part, 8 U.S.C. § 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any

1

other habeas corpus provision, by section 1361 or 1651 of such title,
or by any other provision of law (statutory or nonstatutory), to review
such an order or such questions of law or fact.

Challenges to a final order of removal must be filed in the courts of appeals. Iasu v. Smith, 511 F.3d 881, 887 (9th Cir. 2007). "These modifications effectively limit all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)." Id. (internal quotation marks and citations omitted).

A habeas petition challenging a removal filed on or before the REAL ID Act's effective date must be dismissed and cannot be transferred. Isau, 511 F.3d at 888-889. Accordingly, because exclusive jurisdiction over this matter lies in the court of appeals, this petition should be dismissed for lack of jurisdiction.[1]

Moreover, the undersigned is not persuaded to the contrary by Siad v. Nielsen, 2018 WL 1142202 (N.D. Cal. Mar. 3, 2018), which held that a district court did have jurisdiction to review a "changed country conditions" habeas petition, after an administrative decision but apparently prior to any judicial review. In this case at bar, petitioner sought and was denied review by the Ninth Circuit on August 25, 2017. He was apparently a fugitive after that decision in that the Petition alleges that he was arrested by ICE on February 14, 2018. ECF No. 1 at ¶23.[2] Or, he did not otherwise somehow catch ICE attention after the final Ninth Circuit decision for approximately a year and a half while he patiently awaited ICE arrival. These fugitive/delay facts were not present in Siad. Further, the undersigned is not persuaded that one can keep a revolving removal litigation door spinning forever after a Ninth Circuit removal decision simply by fleeing after the decision, or otherwise waiting until removal is imminent, and starting the process anew in district court by claiming that the removal decision should be reopened once one is caught (for

---

[1] If petitioner were challenging his detention prior to, or during, removal proceedings the district court would have jurisdiction to review his detention. Flores-Torres v. Mukasey, 548 F.3d 708, 711-712 (9th Cir. 2008). However, detention is not an issue here.

[2] Petitioner did have his counsel file a motion to reopen with the Board two days prior.

whatever reason—here changed country conditions), and that a habeas decision requesting an injunction is necessary to preserve the right to reopen, i.e., essentially start all over again. Jurisdiction in the district court by artifice, in clear contravention of congressional intent to stop piecemeal review, should not be found.

IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the United States Attorney; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for lack of jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, parties may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 26, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE